# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2014

Lyle W. Cayce
Clerk

No. 13-50857
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

PEDRO ARIAS GARCIA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2108-4

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Pedro Arias Garcia pleaded guilty to one count of conspiracy to possess, with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841, and one count of possession, with intent to distribute, of five kilograms or more of cocaine, in violation of 21 U.S.C. § 841. He received a within-Guidelines sentence of 51 months' imprisonment. Arias challenges both the procedural and substantive reasonableness of his sentence.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-50857

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Because Arias did not object in district court to the procedural or substantive reasonableness of the sentence, review is only for plain error. *See United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007).

Under that standard, Arias must show a forfeited plain (clear or obvious) error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.* For the reasons that follow, Arias fails to show clear or obvious error by the district court in explaining or selecting his sentence.

First, Arias contends the court erred procedurally by failing to give adequate reasons for the sentence imposed. The record, however, reflects the court considered the available evidence and contentions of the parties, provided sufficient reasons for the sentence, and referenced the sentencing factors provided in 18 U.S.C. § 3553(a). *See Rita v. United States,* 551 U.S. 338, 358–59 (2007). Moreover, Arias has not shown additional explanation would have resulted in a lower sentence. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364–65 (5th Cir. 2009).

No. 13-50857

For this other sentencing claim, Arias contends his within-Guidelines sentence was substantively unreasonable because the court failed to consider mitigating factors including, *inter alia*, family circumstances and responsibilities. "[A] sentence within a properly calculated Guideline range is presumptively reasonable". *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir. 2006). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

The district court considered the presentence investigation report, Arias' motion for a downward variance, and the parties' contentions at sentencing. Although Arias pointed to mitigating evidence and circumstances that *could* have justified a lesser sentence, the court concluded a lesser sentence was not warranted. Specifically, it expressed concerns over the amount of cocaine involved, Arias' role in receiving the cocaine and paying the delivery driver, and his knowledge that the cocaine was being transported to Chicago. Therefore, Arias has failed to rebut the presumption of reasonableness attached to his within-Guidelines-range sentence. *See Cooks,* 589 F.3d at 186.

AFFIRMED.